UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL JONES,                         :      **CIVIL NO. 1:07-CV-0885**
                                    :
            Petitioner              :      (Judge Conner)
        v.                          :
                                    :      (Magistrate Judge Smyser)
TROY WILLIAMSON,                    :
                                    :
            Respondent              :


## REPORT AND RECOMMENDATION


On May 16, 2007, the petitioner, a prisoner at the United States Penitentiary at Lewisburg, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.


By an Order dated May 21, 2007, the respondent was ordered to show cause on or before June 11, 2007, why the petitioner should not be granted habeas corpus relief.  The Order of May 21, 2007, also provided that the petitioner may file a reply to the response within 10 days of the filing of the response.

On June 11, 2007, the respondent filed a response to the petition for a writ of habeas corpus.  The petitioner filed a reply on June 14, 2007.

The petitioner was convicted in the Superior Court of the District of Columbia of a number of crimes under the District of Columbia Criminal Code.  *See Doc. 1, Sentence Monitoring Computation Data Sheet.*  He was sentenced in 1980. *Id.*  The petitioner was subsequently transferred to the custody of the Bureau of Prisons (BOP). *Id.*  The petitioner's transfer to the custody of BOP was pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, which provides, in pertinent part:

> Notwithstanding any other provision of law, not later than December 31, 2001, the Lorton Correctional Complex shall be closed and the felony population sentenced pursuant to the District of Columbia Official Code residing at the Lorton Correctional Complex shall be transferred to a penal or correctional facility operated or contracted for by the Bureau of Prisons.  Such persons shall be subject to any law or regulation applicable to persons committed for violations of laws of the United States consistent with the sentence imposed, and the Bureau of Prisons shall be responsible

2

for the custody, care, subsistence, education,
treatment and training of such persons.

D.C. Code § 24-101(b)(2001)(formerly cited as D.C. Code § 24-1201 (1981)).

The petitioner is currently scheduled for release on July 27, 2010 via mandatory Release. *Doc. 8, Exhibit 1, Attachment 3.*

In connection with numerous disciplinary hearings, the BOP revoked statutory good time credits that had been earned by the petitioner.  The petitioner contends that because he is a District of Columbia Code prisoner the BOP did not have the authority to revoke his statutory good time credits.  He is seeking reinstatement of the credits that were revoked which he contends will result in changing his mandatory parole date from July of 2010 to September of 2008.

The respondent contends that the petition should be dismissed because the petitioner has not exhausted administrative remedies.

3

Although there is no statutory exhaustion requirement applicable to habeas petitions brought pursuant to 28 U.S.C. § 2241, the courts have created a rule that prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).   The basic rationale for the exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time may be conserved if the agency grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors. *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). However, exhaustion of administrative remedies is not required where administrative procedures are unavailable or incompetent to provide adequate redress or where exhaustion would be futile. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)(Roth, J., concurring)(exhaustion is not required when petitioner demonstrates that exhaustion is futile).

4

Except for claims for which other administrative procedures have been established, federal inmates may seek "formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).  Generally, an inmate must first present an issue of concern informally to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13(a).  If the attempt at informal resolution is not successful, an inmate must address Request for Administrative Remedy to the institution staff member designated to receive such requests within twenty days of the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a) & (c)(4).  The Warden will respond to the Request for Administrative Remedy and an inmate who is not satisfied with the Warden's response may appeal to the Regional Director within twenty days of the date of the Warden's response. 28 C.F.R. § 542.15(a).  Finally, an inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel within thirty days of the date of the Regional Director's response.  28 C.F.R. § 542.15(a).

The respondent has submitted a declaration from L. Cunningham, a supervisory attorney employed by the BOP at the United States Penitentiary at Lewisburg. *Doc. 8, Exhibit 1.* Cunningham indicates in his declaration that the petitioner has filed only one administrative remedy request raising the issue in this case. *Id. at ¶4.* Cunningham states that on April 19, 2007, the petitioner submitted an administrative remedy request complaining about his good conduct time credits. *Id.* The administrative remedy request was rejected on April 24, 2007 for having been filed at the wrong level and the petitioner was informed that the issue must first be addressed to the Warden. *Id.* According to Cunningham, the petitioner did not attempt to refile this administrative remedy request. *Id. at ¶5.*

The petitioner has presented evidence that on May 1, 2007, he filed an Informal Resolution Attempt (BP-8) regarding his good time credits. *See Doc. 9, Exhibit 1.* He has also presented the response he received to that Informal Resolution Attempt. *Id. at unnumbered Exhibit 2.* The Response provides that it appears that the issue raised deals with your release

date and that "[t]his issue has been addressed in previous BP-8's so this BP-8 is being denied." *Id.*  The petitioner asserts that he was denied a BP-9 to continue the administrative remedy process.

Although the petitioner contends that he was denied a BP-9 to continue the administrative remedy process after May 1, 2007, the petitioner is challenging numerous revocations of good time credits over numerous years.  The petitioner should have filed an administrative remedy request at the times of each revocation of good time credits, and thus, the denial of a BP-9 in May of 2007 would not seem to excuse the failure of the petitioner to exhaust administrative remedies.  Nevertheless, because the petitioner has raised an issue regarding his ability to exhaust administrative remedies, we will not recommend that the petition be dismissed for failure to exhaust administrative remedies.  Rather, we will recommend that the petition be denied on the merits.

The National Capital Revitalization and Self-Government
Improvement Act specifically provides that prisoners
transferred from the District of Columbia to BOP custody "shall
be subject to any law or regulation applicable to persons
committed for violations of laws of the United States
consistent with the sentence imposed, and the Bureau of Prisons
shall be responsible for the custody, care, subsistence,
education, treatment and training of such persons." D.C. Code
§ 24-101(b)(2001).  The BOP's disciplinary rules apply to "all
persons committed to the care, custody, and control (direct or
constructive) of the Bureau of Prisons." 28 C.F.R. § 541.10(a).
Forfeiture or withholding of good time credits is a sanction
authorized and used by the BOP for certain disciplinary
violations. *See* 28 C.F.R. § 541.13.

There are rational reasons to subject all prisoners in
a given facility to the same set of disciplinary rules. *See*
*Johnson v. Barry,* 815 F.2d 1119, 1121 (7th Cir. 1987)(holding
that application of BOP disciplinary rules to District of
Columbia Code prisoner housed at USP-Marion does not violate

8

equal protection).  The BOP has the authority to revoke good time credits of District of Columbia Code prisoners. *Mitchell v. Romine,* 158 Fed.Appx. 367, 369 (3d Cir. 2005)(rejecting prisoner's "contention that as an inmate convicted in the District of Columbia, the Bureau of Prisons had no authority to take away his good-time credits").

We will recommend that the petition in this case be denied.

Based on the foregoing, it is recommended that the petition for a writ of habeas corpus be denied and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  June 26, 2007.

9